**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 02-50086

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

WILLIAM SCOTT TATUM                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Defendant William Scott Tatum's ("Tatum") *pro se* letter Motion to Vacate under 28 U.S.C. § 2255. See Record Document 53. The United States has filed a response in opposition. See Record Document 61.

In his letter, Tatum asserts that he may be entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015), and requests additional time to obtain materials and pursue such relief. The Court construes this filing as an attempt to seek relief under § 2255 based on Johnson.

In 2003, Tatum was sentenced following his guilty plea to being a felon in possession of a firearm. See Record Document 30. At sentencing, the Court determined that Tatum qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his prior Louisiana convictions for simple burglary of an inhabited dwelling. See Record Documents 40 & 41. The Court relied on at least three such convictions as predicate "violent felonies" and, as a result, imposed the mandatory minimum sentence of 180 months' imprisonment. See id. The Fifth Circuit affirmed the application of the ACCA enhancement, concluding that Tatum's prior burglary convictions qualified as predicate offenses supporting the enhanced sentence. See Record Document 46.

Tatum's motion is untimely. A motion under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final, unless a later triggering provision applies. See 28 U.S.C. § 2255(f). Tatum's conviction became final in 2006, and the present motion was not filed until 2016. Although Johnson may, in some cases, provide a later triggering date under § 2255(f)(3), that provision applies only where the movant asserts a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Here, Tatum is not entitled to relief under Johnson. The record reflects that Tatum was sentenced under the ACCA based on prior convictions for simple burglary of an inhabited dwelling. Those offenses qualify as "violent felonies" under the ACCA's enumerated-offenses clause, which was not affected by Johnson. Accordingly, Tatum's sentence does not rest on the residual clause invalidated in Johnson, and he cannot rely on that decision to render his motion timely.

Because Johnson does not apply, Tatum cannot invoke § 2255(f)(3), and his motion is untimely.

Accordingly,

**IT IS ORDERED** that Tatum's Motion (Record Document 53) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

2